Filed 3/22/21  P. v. Thomas CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. TATIANNA CHANTEL THOMAS, Defendant and Appellant. | B305351 (Los Angeles County Super. Ct. Nos. MA074674, MA077765) |

APPEAL from judgments of the Superior Court of Los Angeles County, Charles A. Chung, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Tatianna Chantel Thomas appeals from the judgments entered following her pleas of no contest in separate cases to felony vandalism and driving under the influence of drugs causing great bodily injury. No arguable issues were identified by Thomas's appointed appellate counsel after his review of the record. We also have identified no arguable issues after our own independent review of the record and analysis of the contentions presented by Thomas in a handwritten supplemental brief. We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

In July 2018 Thomas damaged a soda machine and cash register monitor at a fast-food restaurant. She was charged with felony vandalism (Pen. Code, § 594, subd. (a)) (Super. Ct. L.A. County, 2018, No. MA074674).

In January 2019, after waiving her constitutional rights to a preliminary hearing and a jury trial, Thomas pleaded no contest, orally and in writing, to felony vandalism. The trial court suspended imposition of sentence and placed Thomas on formal probation for five years with the condition she enroll in an outpatient mental health treatment program. The court awarded Thomas 252 days of presentence custody credits and imposed statutory fines, fees and assessments.

In June 2019 the trial court found Thomas in violation of probation and ordered her to participate in an intensive outpatient mental health program. Two months later, at Thomas's request, the court ordered her into a residential treatment program for mental health and substance abuse issues. In September 2019 the residential facility declined to accept Thomas based on her behavior at the time she was to be admitted. The court issued a bench warrant, which it recalled

2

following Thomas's arrest, and ordered her to participate in the Substance Treatment and Re-Entry Transition program (START) in the county jail. Thomas was remanded into custody.

While in custody Thomas was charged in a felony complaint with driving under the influence of drugs causing injury (Veh. Code, § 23153, subd. (f)) with a special allegation she had personally inflicted great bodily injury in the commission of the offense (Pen. Code, § 12022.7, subd. (a)). The complaint also alleged Thomas was driving on a suspended or revoked license (Veh. Code, § 14601.1, subd. (a)) (Super. Ct. L.A. County, 2019, No. MA077765). These charges arose from a traffic collision on June 26, 2019 in which Thomas struck another car causing injuries to the driver, Karla Medina, and the loss of Medina's unborn child.

In December 2019 Thomas waived her constitutional rights to a preliminary hearing and a jury trial. In a negotiated agreement, Thomas pleaded no contest, orally and in writing, to driving under the influence of drugs causing injury and admitted the great bodily injury enhancement.

Thomas was sentenced to an aggregate state prison term of six years, consisting of the upper term of three years for driving under the influence of drugs with injury and three years for the great bodily injury enhancement. The court imposed statutory fines, fees and assessments and awarded Thomas 143 days of presentence custody credits. The court also ordered Thomas to pay victim restitution to Medina. In case No. MA074674 the court revoked probation and sentenced Thomas to a concurrent term of three years. The misdemeanor charge of driving on a suspended or revoked license was dismissed.

Thomas filed timely notices of appeal. For each case she checked only the preprinted box indicating the "appeal is based on the sentence or other matters occurring after the plea that do not affect the validity of the plea." There are no certificates of probable cause in the record on appeal.

**DISCUSSION**

We appointed counsel to represent Thomas in this appeal. After reviewing the record counsel filed an opening brief raising no issues. Appointed counsel advised Thomas on June 4, 2020 that Thomas may personally submit any contentions or issues she wanted the court to consider. On June 8, 2020 we also notified Thomas she had 30 days to submit a supplemental brief or letter. On June 22, 2020 we received a handwritten supplemental brief in which Thomas stated, because this was her "first offense," she did not believe it should count as a future strike and she requested "a lighter sentence" than six years.

A criminal defendant who appeals following a plea of no contest or guilty without a certificate of probable cause can only challenge the denial of a motion to suppress evidence or assert grounds arising after the entry of the plea that do not affect the plea's validity. (Cal. Rules of Court, rule 8.304(b).) To the extent Thomas is challenging the validity of her plea in case No. MA077765 and her sentence was imposed as part of her negotiated agreement, her appeal is inoperative.

With respect to other potential sentencing or post-plea issues in both cases that do not in substance challenge the validity of the pleas, we have examined the record and are satisfied Thomas's attorney fully complied with the responsibilities of counsel and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d

4

756]; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

**DISPOSITION**

The judgments are affirmed.


PERLUSS, P. J.

We concur:


SEGAL, J.


FEUER, J.